1  Mary Jo O'Neill, AZ Bar #005924
   Sally C. Shanley. AZ Bar #012251
2  Nancy E. Griffiths, IN Bar #19498-64-A
   **EQUAL EMPLOYMENT OPPORTUNITY**
3  **COMMISSION**
   **Phoenix District Office**
4  3300 N. Central Ave., Suite 690
   Phoenix, Arizona 85012
5  Telephone: (602) 640-4632
   Fax: (602) 640-5009
6  Email:  mary.oneill@eeoc.gov
           sally.shanley@eeoc.gov
7           nancy.griffiths@eeoc.gov

8

9  Attorneys for Plaintiff

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE DISTRICT OF ARIZONA

12

13  Equal Employment Opportunity          )
14  Commission,                           )
                                          )
15              Plaintiff,                )
                                          )   **COMPLAINT**
16       vs.                              )
                                          )   **JURY TRIAL DEMANDED**
17                                        )
18  OSI Restaurant Partners, LLC d/b/a    )
    Outback Steakhouse and OS Restaurant  )
19  Services, Inc.,                       )
                                          )
20              Defendant.
21

22                  **NATURE OF THE ACTION**

23

24       This is an action under Title I of the Americans with Disabilities Act of 1990

25  as amended by the ADA Amendments Act of 2008 and Title I of the Civil Rights Act

26  of 1991 to correct unlawful employment practices on the basis of disability and to

27

28  provide appropriate relief to John Woods, who was terminated by Defendant OSI

                                  - 1 -

Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc. ("Outback"). As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant, Outback, discriminated against Mr. Woods on the basis of his disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a) and Section 102(b)(5) of the ADA, 42 U.S.C. § 12112(b)(5). Specifically, Outback discriminated against Mr. Woods in the terms and conditions of his employment by terminating his employment on the basis of his disability and/or because he needed a reasonable accommodation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3) and 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1), (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.      The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1), (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and 2000e-6.

4.      At all relevant times, Defendant Outback has continuously been and is now doing business in the State of Arizona and has continuously had continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Outback has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7.      More than thirty days prior to the institution of this lawsuit, Mr. Woods filed a charge with the Commission alleging violations of Title I of the ADA as

amended by the ADA Amendments Act of 2008 by Defendant Outback.   All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Mr. Woods is a person with a disability as defined by the ADA as amended by the ADA Amendments Act of 2008.   In 2004 Mr. Woods suffered a Traumatic Brain Injury.  As a result of the traumatic injury to his brain, Mr. Woods is substantially limited in the major life activities of brain function (his thinking is slowed), sensory processing (his vision is impaired and he requires prism eyeglasses), and communication (his speech is impaired).

9.     Mr. Woods was a qualified individual with a disability who worked successfully as a server at Defendant's Metrocenter restaurant from November, 2009 until approximately January, 2010.

10.     Beginning on or about January, 2010, Defendant Outback engaged in the following unlawful employment practices at its Phoenix, Arizona Metrocenter facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and Section 102(b)(5) of Title I of the ADA, 42 U.S.C. § 12112(b)(5), on the basis of Mr. Woods's disability: terminating his employment because of his disability and/or because he needed a reasonable accommodation.

11.     The effect of the practices complained of in paragraph 10 above has been to deprive Mr. Woods of equal employment opportunities and has otherwise adversely affected his status as an employee.

12.     The unlawful employment practices complained of in paragraph 10 above were committed intentionally.

13.    The unlawful employment practices complained of in paragraph 10 above were committed with malice or with reckless indifference to the federally protected rights of Mr. Woods.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., to make whole Mr. Woods by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Woods or, in the alternative, front pay.

D.    Order Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., to make whole Mr. Woods by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, including mitigation expenses, in amounts to be determined at trial.

E.    Order Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., to make whole Mr. Woods by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 10 above, including but not limited to emotional pain, suffering, mental anguish, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc., to pay Mr. Woods punitive damages for its malicious conduct or  reckless indifference, as described in paragraph 10 above, in an amount to be determined at trial.

G.    Grant such further relief as this Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 6th day of September, 2011.

MARY JO O'NEILL
Regional Attorney


SALLY C. SHANLEY
Supervisory Trial Attorney

*s/ Nancy E. Griffiths*
NANCY E. GRIFFITHS
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
(602) 640-4632

Attorneys for Plaintiff