IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>OSI Restaurant Partners, LLC d/b/a/ Outback Steakhouse and OS Restaurant Services, Inc.,<br><br>Defendants. | No. CV-11-01754-PHX-NVW<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") filed this action on September 6, 2011, against OSI Restaurant Partners, LLC d/b/a Outback Steakhouse and OS Restaurant Services, Inc. (hereinafter referred to as "Defendant") to enforce Section 107(a) of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Commission alleged that Defendant discriminated against John Woods because of his disability by terminating him in violation of Section 102 of the ADA, 42 U.S.C. §12112(a). Defendant denied the Commission's allegations and maintained that it dismissed Woods for legitimate nondiscriminatory reasons.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree. The agreement of the parties is based on the following mutual understandings and acknowledgments:

A. The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

B. The parties agree that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

C. By agreeing to be bound by this Consent Decree, Defendant does not admit any underlying liability or wrongdoing.

D. This decree resolves all claims of the Commission against Defendant in this lawsuit, including, without limitation, lost wages, compensatory and punitive damages, interest, injunctive relief, and costs.

E. The scope of this decree is limited to the Outback Steakhouse restaurants in Arizona in the region managed by Matt McMahon. Specifically, this decree applies to the following Outback Steakhouse Restaurants:

1. Outback Steakhouse #0310     Tempe, Arizona

2. Outback Steakhouse # 0311    Glendale, Arizona

3. Outback Steakhouse # 0313    Paradise Valley, Arizona

4. Outback Steakhouse # 0314    Mesa, Arizona

5. Outback Steakhouse # 0316    Chandler, Arizona

    6. Outback Steakhouse # 0322    East Chandler, Arizona

    7. Outback Steakhouse # 0323    Surprise, Arizona

    8. Outback Steakhouse # 0324    Phoenix, Arizona

    9. Outback Steakhouse # 0326    Mesa II, Arizona

    10. Outback Steakhouse # 0327    North Scottsdale, Arizona

    11. Outback Steakhouse # 0328    Gilbert, Arizona

The Court has reviewed the representations of the parties and the terms of their agreement. By this order, the Court now approves these terms and conditions as set out below, enters these terms and conditions into the record as a Consent Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

## **EQUITABLE RELIEF**

1. Defendant and their officers, agents, employees, successors, assigns and all persons in active concert or participation with them, are permanently enjoined for the duration of the decree from discriminating against any employee on the basis of a disability; or by retaliating against any employee in violation of the Americans with Disabilities Act.

## **MONETARY RELIEF**

2. Judgment is entered in favor of the Commission and against Defendant in the amount of sixty-five thousand dollars ($65,000.00), to be paid as set out below in Paragraph 3.

3. Defendant shall pay the amount to John Woods by check, in accordance with Paragraph Four (4) of this Decree. This payment represents settlement of back pay in the amount of $9,670 and compensatory damages in the amount of $55,330.00 and

shall be distributed to John Woods within ten (10) calendar days after the entry of this decree by the Court. Defendant shall pay Defendant's share of the payroll taxes it owes on the $9,670 in back wages for the tax year during which payment is made. Defendant will be responsible for paying the employer's share of FUTA and FICA taxes and the amount shall not be taken from the settlement amount. Defendant shall make no deductions from the amount set forth as compensatory damages. Defendant shall issue United States Internal Revenue Service forms W-2 and 1099 for the payments by the date required by law.

   4. The check provided for in Paragraph Three (3) of this Decree shall be mailed directly by Defendant to John Woods at an address separately supplied by the Commission. Within three business days of issuance of the check, Defendant shall furnish copies of the check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

   5. Defendant will not condition the receipt of monetary relief on Mr. Woods's agreement to: (a) maintain as confidential the facts and/or allegations underlying the charge and complaint, information from any documents filed and/or exchanged in this matter, information obtained during discovery, and the terms of this Decree or any other final terms of settlement; (b) waive his statutory right to file prospectively a charge with any governmental agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) waive his right to reapply for a position with Defendant.

   6. Defendant will expunge from the personnel file of Mr. Woods: (a) all references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) all references to Mr. Woods's participation in this action; and (c) any documents which relate to complaints by Mr. Woods or investigation of Mr. Woods's complaints of unlawful discrimination on the basis of disability.

   7. Defendant will provide John Woods with a good employment reference

when requested to do so as set forth in Exhibit A.

8. Defendant will review and/or revise their written policies concerning disability discrimination to ensure that they include:

    A. A strong and clear commitment to a workplace free of disability discrimination;

    B. Clear and complete definitions of disability discrimination, with relevant examples.

    C. A clear and strong encouragement of persons who believe they have been discriminated against to come forward and report;

    D. A description of the consequences, up to and including termination, which will be imposed upon employees who violate the policies;

    E. A promise of maximum feasible confidentiality for persons who believe that they have been discriminated or retaliated against;

    F. An assurance of non-retaliation for witnesses of disability discrimination and persons who believe they have been discriminated against;

    G. A commitment that disability discrimination by all persons, including managerial employees, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated;

    H. The identification of specific individuals, with telephone numbers, to whom employees can report disability discrimination, including a written statement that the employee may report the discrimination to designated persons outside their chain of command;

    I. Procedures by which Defendant will investigate disability discrimination complaints promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant.

9. The policies described in Paragraph Eight (8) above will be available to

each current employee and remain available to employees in electronic or hard copy form. These policies shall be provided to all new employees when hired.

10. Defendant will post for the duration of this Consent Decree the notice attached as Exhibit B in a prominent place frequented by its employees at all Outback Steakhouse restaurants in Arizona within the region supervised by Matt McMahon. The notice shall be the same type, style, and size as Exhibit B.

11. Defendant will provide training on disability discrimination and reasonable accommodations according to the following terms:

A. Within ninety days after the entry of the Decree, Defendant will provide a mandatory training seminar for a minimum of sixty minutes to Managing Partners and Managers assigned to Outback Steakhouse restaurants in Arizona within the region supervised by Matt McMahon. Notice will first be given to the EEOC identifying who the trainer will be.

B. The training will cover, at a minimum, the requirements of the Americans with Disabilities Act, as amended, including the obligation to make reasonable accommodations and the procedure to handle requests for a reasonable accommodation. The training will also focus on examples of reasonable accommodations for individuals with disabilities under various circumstances. The session will also review and explain Defendant' policies set out in Paragraph Eight (8) of this Consent Decree.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

12. Defendant will provide a written statement to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, at the end of every six (6) months after the date of the entry of this Consent Decree that includes the following information:

      A.     Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of disability discrimination and reasonable accommodation;

      B.     A copy of the revised policies, if any, required in Paragraph Eight (8) of this Consent Decree.

      C.     Confirmation that the training required in Paragraph Eleven (11) has taken place;

      D.     Confirmation that the Notice required in Paragraph Ten (10) of this Consent Decree was posted and the locations where it was posted; and

      E.     The Commission, upon reasonable written notice, will have the right to enter and inspect Defendant' premises at any Arizona Outback Steakhouse location during the duration of this Decree for the purposes of (a) attending training specified above, and (b) reviewing files or postings as necessary to ensure compliance with this Decree.

13. Defendant will provide a written statement to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, at the end of every twelve (12) months after the entry of the consent decree that includes the name, address, position, and telephone number of any individual who has brought allegations of disability discrimination during the twelve (12) months preceding the report at any and all Arizona Outback Steakhouse locations. The report will also include the nature of the complaint, the investigatory efforts made by Defendant, Defendant's conclusions, and the corrective action taken.

## COSTS AND DURATION

13. Each party will bear its costs and attorney's fees incurred herein.

14. The duration of this Decree will be two years from its entry. This Court will retain jurisdiction over this action for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree.

1   Should the Court determine that Defendant have not complied with this Consent Decree,
2   appropriate relief may be ordered.  This Consent Decree will expire by its own terms at
3   the end of twenty-four (24) months from entry, without further action by the parties.
4         15.   The parties agree to entry of this Consent Decree and judgment subject to
5   final approval by the Court.
6         Dated this 20th day of March, 2013.

_____
Neil V. Wake
United States District Judge